**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CAROL A. BLANCHARD, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 HEALTH SERVICES )
AND INSURANCE PLAN, )
                                )
       **Plaintiff,** )
                                  )
**v.** )       **Civil Action No.**
                                  )
**JOSE DosSANTOS,** )
                                  )
       **Defendant.** )
_____ )

MAGISTRATE JUDGE

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE

**COMPLAINT**

**Jurisdiction and Venue**

1. Plaintiff invokes the jurisdiction of this Court pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3) (hereinafter, "ERISA"), and federal common law, 28 U.S.C. §1331.

2. Venue is proper in this District Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because, inter alia, the relevant employee welfare benefit plan is administered in this District, because the Court has jurisdiction over the parties, and pursuant to 28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

**Parties**

3. Carol A. Blanchard (hereinafter, "Plaintiff") is the Executive Director of the Teamsters Union 25 Health Services and Insurance Plan (hereinafter, " the Plan"). She is a fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and he is authorized to bring this action on behalf of the Plan.

4.  The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section
    3(1), 29 U.S.C. §1002(1), and is a "multi-employer plan" within the meaning of Section
    3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Plan is administered by Trustees in
    accordance with LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5), and exists for the
    exclusive purpose of providing health, medical and related benefits to its participants and
    beneficiaries. The Plan has its principal office and is administered from 16 Sever Street,
    Charlestown, Massachusetts 02129.

5.  Jose DosSantos (hereinafter, "Defendant") is an individual residing at 118 South 6th
    Street, New Bedford, Massachusetts, 02740.

## Facts

6.  Throughout all times relevant herein, the Defendant was a participant in the Local 25
    Health Services and Insurance Plan and was eligible for benefits in accordance with the
    terms of the Plan's governing plan documents.

7.  As the result of a work-related temporary disability, the Defendant received weekly
    disability benefits from the Plan.

8.  The Plan paid the Defendant weekly disability benefits from June 13, 2003 through
    November 21, 2003.

9.  The Plan paid the Defendant weekly disability benefits in the amount of $486.48 per
    week between June 13, 2003 and November 21, 2003.

10. The Defendant was approved for workers compensation benefits for the time period of
    June 13, 2003 through September 28, 2003 at the rate of $329.06 per week.

11. The Plan's governing plan documents provide that participants must reimburse the Plan
    for any weekly disability benefits received from the Plan up to the amount that the

2

participant subsequently receives as workers' compensation. A true copy of the excerpt from the Plan's governing plan documents concerning the "Workers' Compensation" is attached hereto as Exhibit 1.

12. Despite receiving workers compensation benefits for the time period between June 13, 2003 and September 28, 2003, the Defendant failed to repay the Plan for the disability benefits it provided to the Defendant during this same time period.

13. As a result of the Defendant's failure to repay disability benefits after receiving workers compensation benefits for the same time period, the Plan overpaid the Defendant benefits in the amount of $5,076.90.

14. By letter, dated April 14, 2004, the Plan demanded that the Defendant repay the Plan for weekly disability benefits in the amount equal to workers compensation benefits that the Defendant received for the same time period, $5076. 90. A true copy of the April 14, 2004 letter is attached hereto as Exhibit 2.

15. The Defendant failed to repay the Plan disability benefits he received for a time period for which he also received workers compensation benefits.

### COUNT I

### (Enforcement of Plan's terms)

16. The Plaintiff reavers every allegation contained in paragraphs 1 through 15 herein.

17. The Defendant violated the terms of the Plan by failing to repay the Plan after he received workers compensation benefits for the same time period for which he received disability benefits from the Plan.

18. The Plaintiff is entitled to enforce the Plan pursuant to ERSIA § 502(a)(3), 29 U.S.C. § 1132 (a)(3).

3

## COUNT II

### (Unjust Enrichment)

19. Plaintiff reavers every allegation contained in paragraphs 1 through 18 herein.

20. The Defendant knew or should have known that he could not accept weekly disability benefits in addition to the workers' compensation for the same time period.

21. Defendant wrongfully kept the workers compensation benefits for the same time period for which he had already received disability benefits from the Plan and was thus receiving benefits to which he was not entitled.

22. By failing to reimburse the Plan for monies paid, the Defendant has unjustly enriched himself at the expense of the Plan and its participants and beneficiaries.

23. This Court should enforce the Plan's rights by ordering that Plaintiff disgorge payments he improperly received.

   **WHEREFORE**, the Plaintiff prays the Court to grant him the following:

   (a)    A judgment in favor of Carol A. Blanchard, as Executive Director of the Teamsters Union 25 Health Services and Insurance Plan, and against Jose DosSantos;

   (b)    An order obligating Joes DosSantos to pay the Plan in the amount of $5,076.90, plus interest;

   (c)    Attorneys' fees and costs; and

   (d)    Any such other relief as the Court finds appropriate.

For the Plaintiff,
**CAROL BLANCHARD, EXECUTIVE
DIRECTOR of the TEAMSTERS UNION 25
HEALTH SERVICES AND INSURANCE
PLAN**
By her attorneys,

Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy & Facklam, P.C.
One Center Plaza; Suite 360
Boston, MA 02108-1804
(617) 723-9777

Date:   April 26, 2005
f:\l25hsip\rigby\pldg\complaint.doc:blg

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Carol A. Blanchard, Executive Director Teamsters Union 25
Health Services and Insurance Plan v. Jose DosSantos

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| [✓] | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121<br>740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,<br>315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,<br>380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,<br>690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

YES [ ]    NO [✓]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [✓]    NO [ ]

A.   If yes, in which division do all of the non-governmental parties reside?

Eastern Division [✓]    Central Division [ ]    Western Division [ ]

B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Matthew E. Dwyer, Esq.
ADDRESS Dwyer, Duddy and Facklam, P.C., One Center Plaza, Suite 360, Boston, MA 02108
TELEPHONE NO. (617) 723-9777

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Carol A. Blanchard, Executive Director of Teamsters Union 25 Health Services and Insurance Plan

**DEFENDANTS**

Jose DosSantos

**(b)** County of Residence of First Listed Plaintiff    Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dwyer, Duddy and Fackalm, P.C., One Center Plaza, Suite 360, Boston, MA 02108

Attorneys (If Known)

William J. Gately, Jr., P.C., 171 Pleasant Street, Fall River, MA 02721

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☒ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1132

Brief description of cause:
Equitable restitution for overpayment of benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
5,076.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE                                    DOCKET NUMBER

DATE                                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

no-fault policy will be liable for medical, prescription drug, dental benefits and/or lost wages up to the first $8,000 of expenses—or the maximum amount called for by law, whichever is greater. After this amount is paid, TeamstersCare will then cover any remaining *eligible* expenses, upon receipt of a signed lien agreement.

If no-fault insurance is available but you decline the coverage, and you have a claim resulting from a car or motorcycle accident, you will still be responsible for the first $8,000 of expenses—or the maximum amount that no-fault insurance would have paid, whichever is greater. TeamstersCare excludes from the benefits that it provides all amounts that would have been covered had you obtained no-fault insurance.

☞ *Important Note:* Mandatory no-fault insurance does *not* cover motorcycle accidents.

## Other States

*If you live in a state that does not require mandatory no-fault coverage,* the Plan will administer motor vehicle and motorcycle accident medical or disability claims in the same way as any other claim. However, if you receive any third-party settlements after signing a lien agreement, you will be required to reimburse TeamstersCare an amount equal to an payments the Plan may have made on your behalf.

### Workers' Compensation

TeamstersCare does not pay medical or disability benefits for a work-related sickness or injury.

If you submit a Workers' Compensation claim and receive a settlement, then you cannot claim TeamstersCare benefits for the same sickness or injury. If you submit a Workers' Compensation claim and that claim is denied, you have the right to appeal. If your appeal is denied, you must provide TeamstersCare with a copy of the final determination notice before we can process claims.

TeamstersCare reserves the right in all cases to make its own independent determination on whether an injury is work-related. TeamstersCare may refuse to process claims where, in the good-faith judgment of Plan Administrators, a member unreasonably chose not to pursue a claim or appeal.

If you submit a claim for work-related sickness or injury and your employer disputes the claim, TeamstersCare may pay you weekly disability benefits during the period your claim is under dispute. You need to sign a lien agreement to reimburse TeamstersCare in full for any Workers' Compensation benefits you may subsequently receive. Your employer is responsible for paying up to 12 months of contributions to TeamstersCare on your behalf, while you are out of work.

While a Workers' Compensation claim is pending, and during any period of disability that follows, TeamstersCare will continue to cover any eligible medical expenses you have that are unrelated to the disability. Coverage also continues for your dependents, so long as you remain eligible. (See PARTICIPATION, p. 9.)

## YOUR RIGHTS AS A PLAN MEMBER UNDER ERISA

At a number of places in this *Answerbook*, you'll find references to "the Plan" or to "TeamstersCare." These terms refer to the benefit plan whose official name is "Teamsters Union 25 Health Services & Insurance Plan."

The Plan is administered by a Board of Trustees, according to the terms of:
- the Agreement and Declaration of Trust of the Teamsters Union 25 Health Services & Insurance Plan, and
- this Summary Plan Description (SPD)—i.e., the *Answerbook* and accompanying medical Option descriptions, and
- certain Life and AD&D insurance policies

These documents, taken together, make up the official "Plan Documents" as specified by the Employee Retirement Income Security Act of 1974 (ERISA).

The Board of Trustees has delegated certain day-to-day administrative duties to the Executive Director of the Fund.

As a participant in the Teamsters Union 25 Health Services & Insurance Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA).

### ERISA provides that all Plan participants shall be entitled to:
### Receive Information About Your Plan and Benefits
You may examine, free of charge, all the official documents related to the Plan. This includes insurance contracts, collective bargaining agreements, and copies of all documents filed by the Plan with the U.S. Department of Labor (such as detailed annual reports and Plan descriptions). These documents are available for review in the TeamstersCare Charlestown office during regular business hours.

You may obtain copies of all Plan documents—including insurance contracts, collective bargaining agreements, copies of the latest annual report (Form 5500 Series), a summary of any material Plan changes and updated Summary Plan Descriptions—by writing to the Plan Administrator. You may have to pay a reasonable charge to cover the cost of photocopying.



April 14, 2004

**Teamsters Union 25
Health Services
& Insurance Plan**

**TeamstersCare
Member Services**
16 Sever Street
Sullivan Square
Charlestown, MA
02129-1309

**Telephone**
*local:* 617-241-9220
*in MA:* 1-800-442-9939
*outside MA:* 1-800-225-6135

**Fax**
617-241-8168

www.teamsterscare.com

**Union Trustees**
Ritchie E. Reardon
*Co-Chairman*
Mark A. Harrington
Lou DiGiampaolo

**Employer Trustees**
John J. Shaughnessy, Sr.
*Co-Chairman*
Charles F. Arbing
Thomas K. Wotring

**Executive Director**
Rodney G. Smith

**Associate Fund Director
– Operations**
Daniel J. Sullivan, R.Ph.

**Associate Fund Director
– Clinical Services**
Carol A. Blanchard, D.D.S.

Mr. Jose DosSantos
107 Tremont Street
New Bedford, MA 02740

Re:  WC Injury 5/16/03

Dear Mr. DosSantos:

We were informed by the workers' compensation carrier that you received workers' compensation benefits for the same time period you collected weekly disability benefits from Teamsters Local 25 HS&IP.  You received weekly disability benefits from us from June 13, 2003 through November 21, 2003 and were approved for workers' compensation benefits from June 13, 2003 to September 28, 2003.  The weekly amount approved by workers' compensation for that time period was $329.06.  The executed lien agreement stipulates that if any settlement funds are received, the Plan is to be reimbursed immediately.   Therefore, the amount to be repaid to the Plan is **$5,076.90** (329.06 per week from June 13, 2003 to September 28, 2003)

Please contact this office to make payment arrangements.  Failure to respond to this letter will result in legal collection action.

You may call the Plan Office if you have questions concerning this matter.

Sincerely,

Daniel J. Sullivan, R. Ph.
Associate Director

cc:  Attorney William J. Gately, Jr.

50